**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1711
_____

MICHAEL GORRIO,
          Appellant

v.

CORRECTIONAL OFFICER FRANCIS; CORRECTIONAL
OFFICER CARASELLY; CORRECTIONAL OFFICER
FETCHCO; SERGEANT WALSHAN; LIEUTENANT
ROBERT RHODES; LIEUTENANT PARKER;
CORRECTIONAL OFFICER EMMINGER;
CORRECTIONAL OFFICER POLAND; CORRECTIONAL
OFFICER SCOLES; SUPERINTENDENT MARK V.
CAPOZZA; CORRECTIONAL OFFICER EVANS;
CORRECTIONAL OFFICER TERRAVECHIA;
CORRECTIONAL OFFICER DICKS; CORRECTIONAL
OFFICER ROCKRIDGE; CORRECTIONAL OFFICER
HAILEY; CORRECTIONAL OFFICER BURRIE;
CORRECTIONAL OFFICER MINOR; SERGEANT
MCKILEEN; LIEUTENANT ALBERT WOOD;
LIEUTENANT DAILEY; LIEUTENANT RUSNAK;
EDWARD BOHNA; BRITTANY KIMMEL;
CORRECTIONAL OFFICER REGINA; CORRECTIONAL
OFFICER COX; CORRECTIONAL OFFICER OHRMAN;
CORRECTIONAL OFFICER TWARDZIK;

CORRECTIONAL OFFICER SAXION; CORRECTIONAL OFFICER HENRY; SERGEANT HAINES; SERGEANT WILES; DEPARTMENT OF CORRECTIONS; JOHN DOE, Other Unknown Officers; JANE DOE, Other Unknown Medical Personnel; JOHN DOE, Other Unknown Sergeants; JOHN DOE, Other Unknown Lieutenants; RHONDA HOUSE, Superintendent Assistant; LUIS ALLEN; BETH RUDZINSKI

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:19-cv-01297)
District Judge: Honorable J. Nicholas Ranjan

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 22, 2025

Before: BIBAS, FREEMAN, and NYGAARD, *Circuit Judges*.

(Opinion filed )

Michael Gorrio
Indiana, PA

   *Pro se Appellant*

Daniel B. Mullen
Office of Attorney General of Pennsylvania
Appellate Litigation Section
1251 Waterfront Place

Mezzanine Level
Pittsburgh, PA 15222

Hannah Kogan
Office of Attorney General of Pennsylvania
1600 Arch Street
Suite 300
Philadelphia, PA 19103

       *Counsel for Appellees*

—————————

OPINION OF THE COURT

—————————

PER CURIAM

       Pro se appellant Michael Gorrio appeals from the District Court's order denying his motion for a new trial after the jury verdict and final judgment. He also appeals from various pre-trial orders entered by the District Court concerning the scope of discovery and amendment of Gorrio's complaint.

       The limitations that the District Court placed on discovery impermissibly conflict with the Federal Rules of Civil Procedure. However, to obtain relief, Gorrio must demonstrate prejudice from the improper limitations. He has not done so. Seeing no other errors in the challenged orders, we will affirm the judgment.

I.

Michael Gorrio is a Pennsylvania state prisoner. In 2019, he filed a complaint against numerous Correctional Defendants alleging a variety of constitutional and statutory violations pursuant to 42 U.S.C. § 1983, the RICO Act, the Hobbs Act, the Clayton Act, and Pennsylvania law.[1] Pursuant to the District Court's standing practice order for all civil rights cases filed by pro se incarcerated plaintiffs, a Magistrate Judge was assigned to perform certain tasks. Among other things, the Magistrate Judge was responsible for deciding non-dispositive motions and managing discovery.

After several claims in Gorrio's complaint withstood a motion to dismiss, the Magistrate Judge issued a case-management order. That order stated that "no formal discovery, such as depositions, interrogatories, requests for production or requests for admission will be allowed in this case without leave of court." Dist. Ct. ECF No. 117 at 1. However, the order instructed the Defendants to provide all reports, documents, and records relating to Gorrio's claims and any information in Defendants' possession that would help Gorrio identify the John and Jane Doe Defendants. It also provided Gorrio a month after receipt of those materials to "advise the court of any further discovery" he required, and to submit formal requests to the court for review so that the court could determine if the discovery would be permitted. *Id.* at 2.

Gorrio filed multiple motions seeking depositions, interrogatories, and documents beyond what Defendants had

---

[1] Gorrio's list of Defendants included John Doe correctional officers who were later dismissed because Gorrio had failed to identify them. Gorrio later attempted to reinstate them and appeals the District Court's denial of those attempts.

provided him, as well as extensions of the discovery period. The Magistrate Judge permitted Gorrio additional time to explain the discovery he sought, but she denied each motion for discovery.

Gorrio also filed motions to amend his complaint by reinstating previously unidentified defendants. The District Court denied each of those motions.

Eventually, the case proceeded to a jury trial on Gorrio's state law claims of assault, battery, and negligence and his § 1983 claims of excessive use of force, deliberate indifference to safety and medical needs, and sexual harassment. After a multi-day trial in February 2024, the jury rendered a verdict in favor of the Defendants on each claim. The District Court entered final judgment on the same date.

Gorrio filed a motion for a new trial, arguing for the first time that two of the jurors knew him from interactions they had a decade prior, and alleging that they had been prejudiced against him. The District Court denied his motion, ruling that Gorrio had waived the argument by not raising it before jury deliberations and that he did not meet the standard for a new trial based on juror bias. Gorrio appealed.[2]

---

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the denial of a motion for a new trial generally for abuse of discretion; however, if the district court "bases its denial of the motion on an application of law," we apply de novo review. *McKenna v. City of Phila.*, 582 F.3d 447, 460 (3d Cir. 2009) (citation omitted). The District Court's orders denying further discovery and leave to amend are reviewed for abuse of discretion. *Gallas v. Sup. Ct. of Pa.*, 211 F.3d 760, 778 (3d

II.

On appeal, Gorrio argues that the District Court abused its discretion by denying his pre-trial motions for additional discovery and by denying him leave to amend his complaint to reinstate now-identified John and Jane Doe defendants a month before trial. Gorrio further contends that the District Court abused its discretion by denying his motion for a new trial, particularly without having held an evidentiary hearing regarding his allegations of juror bias. We address each of his arguments in turn.

A.

On its face, the case-management order disallowing discovery without leave of court conflicts with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)."); Fed. R. Civ. P. 31(a)(1) ("A party may, by written questions, depose any person, including a party, without leave of court except as provided in Rule 31(a)(2)."); Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request . . . to produce . . . any designated documents or electronically stored information.").

The Supreme Court and Congress approve the Federal Rules of Civil Procedure, which prescribe the procedures to be followed by parties and the courts. *Sempier v. Johnson & Higgens*, 45 F.3d 724, 736 (3d Cir. 1995). Although district

Cir. 2000); *Shifflett v. Korszniak*, 934 F.3d 356, 364 (3d Cir. 2019).

courts have discretion to manage discovery, *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982), they may not circumvent or deviate from the Federal Rules of Civil Procedure as a matter of course, *see Holloway v. Lockhart*, 813 F.2d 874, 880 (8th Cir. 1987) ("The conflict between the local rule, which requires leave of court before filing a request for production of documents, and Fed. R. Civ. P. 34(b), which permits such requests without leave of court, is clear. Accordingly, Local Rule 23(VIII)(B)(6) is invalid, and we so hold." (footnote omitted)).

Here, the Magistrate Judge provided no case-specific basis for requiring leave of court to conduct discovery, let alone one consistent with the exceptions provided by the federal rules. *See* Fed. R. Civ. P. 30(a)(1); Fed. R. Civ. P. 31(a)(1); Fed. R. Civ. P. 34(a). And no basis is apparent from the record. To the extent that the Magistrate Judge issued the case-management order as a matter of course, that was improper.

Nonetheless, to obtain relief on a claim concerning discovery issues, an appellant must make "the clearest showing that the procedures have resulted in actual and substantial prejudice" to him. *In re Fine Paper Antitrust Litig.*, 685 F.2d at 817 (cleaned up). Specifically, an appellant must "show that the district court's denial of discovery made it impossible to obtain crucial evidence." *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1032 (3d Cir. 1997) (cleaned up).

Gorrio has failed to make this showing. Specifically, Gorrio has not identified what crucial evidence he was prevented from obtaining—particularly given the Defendants'

7

compliance with turning over records[3]—that would have aided his case. *See Mass. Sch. of Law at Andover, Inc.*, 107 F.3d at 1032. The closest Gorrio comes is arguing that it disallowed him "the fundamental opportunity to discover affirmative evidence negating a material and essential element of a party's claim." Gorrio Supp. Br. at 18. That vague assertion is not sufficient to establish that he was deprived of "crucial evidence," *Mass. Sch. of Law at Andover, Inc.*, 107 F.3d at 1032, and is "speculative and lack[s] any support in the record*," Cyberworld Enter. Tech. v. Napolitano*, 602 F.3d 189, 200 (3d Cir. 2010). *See generally Martel v. Cnty. of L.A.*, 56 F.3d 993 (9th Cir. 1995) (en banc). Gorrio therefore is not entitled to relief.

## B.

We discern no abuse of discretion in the District Court's denial of Gorrio's motions to reinstate previously unidentified John and Jane Doe defendants. District Courts "may deny leave to amend a complaint if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). By itself, delay is not

---

[3] The Defendants' production was addressed at the pretrial conference, and "[t]he Court [found] Defendants' statements that they properly disclosed the relevant documents credible." Dist. Ct. ECF No. 326 at 1. Gorrio has provided no grounds for us to set aside that determination. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 215 F.3d 407, 417 n.11 (3d Cir. 2000) ("We apply a deferential standard of review to the District Court's credibility determinations . . . .").

a sufficient reason to deny leave to amend, but it may become *undue* delay "when a movant has had previous opportunities to amend a complaint." *Id.* at 273 (citations omitted). Finding prejudice to the opposing party requires "consider[ing] whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Id.*

Here, the District Court denied Gorrio's motions to reinstate the previously unidentified Doe defendants, deeming amendment untimely and prejudicial given his receipt of the relevant unredacted documents almost two years prior. On appeal, Gorrio asserts that the Defendants had failed to comply with the discovery case-management order and had withheld the relevant reports until the last minute. As noted earlier, the District Court found credible Defendants' statements that they had provided all relevant documents to Gorrio in early 2022. Gorrio has provided no basis for us to conclude otherwise.

## C.

Finally, by waiting until after trial to raise his concern of juror bias, Gorrio arguably forfeited his right to raise this challenge. *See, e.g.*, *United States v. Pelullo*, 105 F.3d 117, 126-27 (3d Cir. 1997); *United States v. Gootee*, 34 F.3d 475, 479 (7th Cir. 1994) (collecting cases). Gorrio has not shown that he realized the misconduct only after trial, and that his failure to discover it during trial was not "the result of lack of diligence." *Pelullo*, 105 F.3d at 126 (cleaned up). Regardless, we agree with the District Court that Gorrio's claims of juror bias have no merit. The District Court evaluated Gorrio's claims under the test articulated in *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984). *McDonough*

9

requires a party to show that "a juror failed to answer honestly a material question on voir dire," and that "a correct response would have provided a valid basis for a challenge for cause." *Id.*

As the District Court correctly determined, Gorrio has failed to meet either requirement. Gorrio's alleged isolated interactions with the two jurors occurred over a decade prior to the trial, and his affidavit alleging that the jurors had failed to answer the voir dire honestly did not present "clear, strong, substantial . . . evidence that a specific, nonspeculative impropriety ha[d] occurred" such that a hearing was required. *United States v. Claxton*, 766 F.3d 280, 301 (3d Cir. 2014) (cleaned up); *see also United States v. Noel*, 905 F.3d 258, 274-75 (3d Cir. 2018). Further, as the District Court correctly noted, even if actually established, a juror's mere acquaintance with a party does not render a potential jury member unfit to serve on the jury. *See United States v. Calabrese*, 942 F.2d 218, 224 (3d Cir. 1991). We therefore discern no abuse of discretion or error in the District Court's denial of Gorrio's motion for a new trial.

\*     \*     \*

For the foregoing reasons, we will affirm the District Court's judgment.[4]

---

[4] We deny Gorrio's motions for sanctions, as he has not shown that Appellees acted in bad faith related to his delayed receipt of their response brief. Gorrio was granted extensions to file his reply brief, which we have considered.